## No. 677
## DARBY. Executor, v. TIFFANY et al
Ohio Appeals, 6th Dist., Lucas County
No. 1437. Decided July 7, 1924
Pending in Supreme Court on motion to certify. 2 Abs. 631.

85. APPEAL—1. Appeal improper procedure where petition asks for money judgment.

2. Bond held improper when executed before final judgment.

CHITTENDEN, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Salvail brought an action to foreclose a mortgage upon certain real estate located in Toledo, Ohio, and for marshalling of liens. The Peoples State Savings Bank filed a cross-petition for the foreclosure. Tiffany also filed a cross-petition for the foreclosure of a mortgage. Helmreich filed a cross-petition in which she alleged that one Fox was the owner of the premises and that in 1918 gave her a note and mortgage for a loan of $6,000, and that in 1919 Fox sold and conveyed all of his rgiht, title and interest in and to said premises to Tiffany subject to said mortgage.

Helmreich asked for a court order that she has a lien for $6,000 and that this lien was prior to any interest claimed by Tiffany and subject only to the liens of Salvail and the bank. The court entered judgment in favor of Helmreich for $6,000 but dismissed the cross-petition insofar as prayed relief against Tiffany. This judgment was entered March 31, 1924. An appeal bond dated March 4 for $200 was filed. Tiffany moved the Court of Appeals to dismiss the appeal of Helmreich upon the grounds that said appeal had not been properly perfected, that no proper bond had been filed and that the Court of Appeals was without jurisdiction. In granting the motion to dismiss, the Court of Appeals held:

1. The Court of Appeals has no jurisdiction to hear a case on appeal because the cross-petition asks for a money judgment.

2. As the appeal bond showed on its face to have been signed before the entry of the final judgment, the bond was not proper or a resquisite bond as provided by 12229 GC.

Attorneys—See Pending Case, 2 Abs. 631.

## No. 678
## BEHM v. WOLFERT et al
Ohio Appeals, 6th Dist., Lucas County
No. 1402. Decided March 31, 1924

187. BUILDINGS—1. Zoning ordinance enacted after permit to erect apartment building granted and construction started, held unreasonable.

2. One who merely occupies adjacent property cannot bring an action for an infraction of a zoning ordinance.

RICHARDS. J.          Epitomized Opinion
Published Only in Ohio Law Abstract
Pending in Supreme Court on Motion to
Certify. 2 Abs. 630

Behm brought an action for a permanent injunction preventing the defendants from completing the construction of a building in the city of Toledo claimed to be in violation of the interim zoning ordinance. The defendant's answer denied certain allegations of the petition and setting up the alleged invalidity of the ordinance. Thereafter the relator. filed a supplemental petition in which he alleged that in 1923 a zoning ordinance was enacted in lieu of the original interim ordinance which was repealed. The defendants demurred to this supplemental petition. The defendants owned a lot in Toledo, for which they had procured a building permit to erect an apartment house. The interim zoning ordinance was adopted in 1922 and was repealed October 8, 1923. The general zoning ordinance now in force does, by its terms, apply to the lot owned by the defendants, and if its provisions are enforced they prevent the erection of the building which was in the process of construction. This prohibition arises out of the fact that the ordinance contains provisions for a set-back line and for open spaces and areas and other requirements which cannot be complied with in erecting the building which is proposed to be erected on the lot owned by the defendants. In refusing to grant the relief prayed for the Court of Appeals held:

1. As the zoning ordinance was unreasonable as applied to the facts of this case, it will not be enforced as against the defendants.

2. As the petition and stipulation in the case only recites that plaintiff "occupied" adjoining property and does not state that he was the owner thereof, he is not entitled to maintain an action to enjoin an adjacent builder from the infraction of a patent.

Attorneys—Hackett & Lynch, for Behm; D. J. O'Rourke and Lawton & Saalfield, Denman, Wilson, Kirkbride & McCabe, for Wolfert et al; all of Toledo.